UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIA WU CHEN,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, USP ATWATER,<br><br>  Respondent. | Case No.: 1:24-cv-0153 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. 5) |

Jia Wu Chen is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting the U.S. Marshals and U.S. Attorney failed to advise him of his right to consulate assistance and notify the Chinese consular upon Petitioner's arrest, as required by Article 36 of the Vienna Convention on Consular Relations.  (Doc. 1 at 6-7.)  Petitioner contends these failures violated his rights under the Fifth and Sixth Amendments, and if he had been aware of the rights then "he would not have pled guilty but would have entered a not guilty plea."  (*Id.* at 7.)

The magistrate judge performed a preliminary review of the petition, and found the Court lacks jurisdiction.  (Doc. 5.)  The magistrate judge observed, "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  (*Id.* at 2, quoting *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations

1

omitted).  However, "a 'savings clause' or 'escape hatch' exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be 'inadequate or ineffective to test the validity of his detention.'" (*Id.*, quoting *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).)  The magistrate judge determined Petitioner failed to invoke the savings clause, because he "does not make a claim of actual innocence," and his "claim regarding the failure to advise him of his right to consular assistance and the failure to notify the consulate upon his arrest and detention challenges the legal sufficiency of Petitioner's conviction…" (*Id.* at 3.)  In addition, the magistrate judge found "Petitioner does not establish that he has not had an unobstructed procedural shot at presenting his claim," which appeared to have arisen before Petitioner exhausted his direct appeal with a Section 2255 motion.  (*Id.* at 3-4.)  Finally, the magistrate judge found "no indication" that the relevant laws changed after Petitioner filed a Section 2255 petition.  (*Id.* at 4.)  Therefore, the magistrate judge concluded the Court lacks jurisdiction over the petition, and recommended it be dismissed.  (*Id.*)

Petitioner filed timely objections to the Findings and Recommendations.  (Doc. 7.)  According to Petitioner, "Contrary to the Magistrate Judge's assertions, Petitioner is not challenging the validity of his federal conviction or sentence. He is challenging the manner in which his sentence was and is being executed, which renders the judgment void[,] as required by 21 U.S.C. § 2241." (*Id.* at 1.) Petitioner believes the magistrate judge "ignored the claims raised," asserting:

> The court erroneous asserts that Petitioner contends that he did not have consular assistance pursuant to Article 36 of the Geneva Convention. This is not true, Petitioner's claim is based on the right to notice of Chinese consular assistance or consular notification under Vienne (sic) Convention of Consular Relations. art. 36, April 24, 1963, 21 U.S.T. 77, 261, 36(1)(b), as guaranteed by the Constitution and laws of the United States.
>
> Even the Magistrate Judge in asserting that Petitioner did not request for a consular, she has admitted that no consular was provided.  When the authorities (United States [M]arshals or United States Attorney) were required to ask and or refer the case to a Chinese consular. Therefore, it is evident that petitioner['s] right under Article 36 was violated. Notice was not given to Chinese consular that petitioner was arrested, tried or convicted. Nor did U.S. Attorney advise him that notification was necessary or, advice Chinese consular of Petitioner's arrest, detention, trial or sentencing.  Petitioner never would have refused consular assistance. But would have sought consular assistance for further investigation into his case to establish his innocence by witnesses and mitigating evidence; and laws that invalidated his conviction.  28 C.F.R. 50.5.

2

(Doc. at 1-2.)  Therefore, Petitioner requests the Court reject the Findings and Recommendations and order Petitioner discharged from custody at USP Atwater.  (*Id.* at 2.)

Petitioner's assertions of error are plainly contradicted by the record.  For example, the magistrate judge never indicated that "Petitioner did not request for a consular," or otherwise mention such a request.  (*See generally* Doc. 5 at 1-4.)  The magistrate judge found Petitioner asserted "the failure to advise him of his right to consular assistance and failure to notify the consulate upon his arrest and detention as required by the Vienna Convention on Consular Relations 'rendered the judgment void, in violation of his Sixth Amend. right to counsel and Fifth Amend. right to notice guaranteed by Due process under the Constitution, treaties, and laws of the United States.'"  (*Id.* at 1-2, quoting Doc. 1 at 6.)  The magistrate judge quoted directly from the petition, and did not ignore the claims raised by Petitioner.  Toward that end, the magistrate judge did not indicate Petitioner's raised his claims under the Geneva Convention, but correctly stated Petitioner asserted failures to comply with the *Vienna* Convention.  (*See id.* at 1.)  Petitioner does not show the magistrate judge erred in identifying the grounds raised in his petition.

Though Petitioner asserts that he is "not challenging the validity of his federal conviction or sentence," this is also contradicted by the contents of the petition.  (*Compare* Doc. 7 at 1 *with* Doc. 1 at 8.)  Petitioner requests the "district court… discharge him from his illegal sentence and unlawful custody…" (Doc. 1 at 8.)  This request is echoed in his objections, as Petitioner again explicitly asserts that his conviction was "*invalidated*" by the failure to comply with the Vienna Convention, and he should be discharged "from unlawful custody."  (*Id.* at 1, 2 [emphasis added].)  Thus, the Court finds Petitioner does, in fact, challenge the validity of his sentence.  Such a challenge is not cognizable under Section 2241.  *See United States v. Flores,* 616 F.2d 840, 842 (5th Cir. 1980) (allegations of errors at or prior to sentencing constitute attack on the validity of sentence).

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. As the magistrate judge determined, Petitioner fails to show the Court has jurisdiction over the claims raised in the petition.  *See, e.g., Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) (petitioner may not bring claim for failure to

3

contact a consulate pursuant to rights under the Vienna Convention under Section 2241 or the savings clause, even where he filed unsuccessful Section 2255 motion).

The Court must also determine whether a certificate of appealability should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA"). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, … includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 9, 2024 (Doc. 5) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 3, 2024**

UNITED STATES DISTRICT JUDGE